THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARROLL B. BRYANT, Defendant-Appellant.

Fifth District   No. 77-173

Opinion filed December 20, 1978.

Michael J. Rosborough and Rafael Schwimmer, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Bruce D. Irish and Martin N. Ashley, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HICKMAN delivered the opinion of the court:

The defendant was tried by the court and found guilty of aggravated battery and robbery. From the judgment and sentence imposed after such finding the defendant has appealed.

The questions presented for review are whether the defendant presented such evidence as to raise a reasonable doubt as to his sanity and, if this is answered affirmatively, was there sufficient proof by the State that demonstrated the defendant's sanity beyond a reasonable doubt.

Section 6—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 6—2) sets forth the governing standards as follows:

"(a) A person is not criminally responsible for conduct if at the time of such conduct, as a result of mental disease or mental defect, he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law.

(b) The terms 'mental disease or mental defect' do not include an abnormality manifested only by repeated criminal or otherwise anti-social conduct."

■■ The defense asserted is an affirmative one. The responsibility of the State to prove beyond a reasonable doubt that the accused was criminally responsible at the time of an offense does not arise until defendant presents sufficient pertinent evidence to the contrary. Ill. Rev. Stat. 1975, ch. 38, pars. 3—2, 6—4.

The defendant introduced a great deal of evidence tending to show many things occurring both before the offense and after the offense. As a matter of fact, the record includes numerous explanations and diagnoses of the defendant's mental problems concerning being a habitual drinker; a chronic alcoholic; having temporal lobe epilepsy; convulsive disorder; being a psychomanic; cyclothymic personality; personality disorder; antisocial personality and other matters touching upon his personal wellbeing.

The evidence which perhaps is most significant concerning the defendant's lack of criminal capacity at the time of the offenses was that of Dr. Ivan Sletten, a psychiatrist, who testified as follows:

"I really feel that he has lost control of himself at times and he really doesn't understand the nature and consequences of his behavior. He's so uptight, so out of touch with himself that I feel *it might be* that he really is not responsible for those periods of time. I question it." (Emphasis added.)

When asked specifically about the defendant's mental state or capacity at the time of the offenses Dr. Sletten stated:

"*It is possible* that this represented another episode like the several that I noted. *I believe it's possible.*" (Emphasis added.)

We, therefore, believe the defendant did present sufficient evidence to raise a reasonable doubt as to his sanity at the time of the offenses and, therefore, the State was obligated to prove beyond a reasonable doubt under the statutory provision that the defendant had the requisite capacity at the time of the commission of the offenses.

The State presented evidence by one Dr. Shuman, a psychiatrist, who testified that on the night of the offenses defendant could appreciate the criminality of his conduct and could conform to the requirements of the law. The report of Dr. Goldsborough was also before the court. Dr. Shuman also testified at length as to a wide range of matters concerning defendant's conduct and behavior. The court heard several other witnesses on the issue of sanity including the testimony of the victim. This the trial judge is allowed to consider in arriving at his decision as to the capacity of the defendant at the time of the offenses.

The entire issue is reduced to one of fact. The trier resolved the issue against the defendant. We cannot say that this resolution was not justified on the record. There is evidence to support the trial court's conclusion that defendant was legally sane beyond a reasonable doubt at the time of these occurrences. Therefore, the judgment of the court must be and it is hereby affirmed.

Affirmed.

EBERSPACHER and KARNS, JJ., concur.